UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ELAINE LIZZOL,                                                    Case No.
*On behalf of herself and similarly situated individuals,*        **18-CV-05335-SJF-GRB**

                             Plaintiff,        **ANSWER**

        -against-

FORBIDDEN FRUIT INC D/B/A THE LANDING STRIP
F/K/A THE FORBIDDEN FRUIT and EDWARD PREAS,

                             Defendant.
------------------------------------------------------------------------X

       Defendants, FORBIDDEN FRUIT INC and EDWARD PREAS (collectively "Defendants"), by their attorneys, Gruenberg Kelly Della, as and for their Answer to the subject Complaint, set forth the following:

## AS TO THE PRELIMINARY STATEMENT

1. Denies the allegations set forth in paragraph 1 of the complaint.

2. Denies the allegations set forth in paragraph 2 of the complaint.

## AS TO JURISDICTION AND VENUE

3. Neither admit nor deny the allegations set forth in paragraph 3 of the complaint as they are not allegations of fact, but conclusions of law.

4. Denies the allegations set forth in paragraph 4 of the complaint.

## AS TO THE PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Denies the allegations set forth in paragraph 7 of the complaint.

1

8. Denies the allegations set forth in paragraph 8 of the complaint.

9. Denies the allegations set forth in paragraph 9 of the complaint.

10. Denies the allegations set forth in paragraph 10 of the complaint.

11. Denies the allegations set forth in paragraph 11 of the complaint.

12. Denies the allegations set forth in paragraph 12 of the complaint.

## AS TO THE FACTUAL ALLEGATIONS

13. Denies the allegations set forth in paragraph 13 of the complaint.

14. Denies the allegations set forth in paragraph 14 of the complaint.

15. Denies the allegations set forth in paragraph 15 of the complaint.

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Denies the allegations set forth in paragraph 18 of the complaint.

19. Denies the allegations set forth in paragraph 19 of the complaint.

20. Denies the allegations set forth in paragraph 20 of the complaint.

## AS TO THE FIRST CLAIM FOR RELIEF

21. Defendants repeat, reiterate and reallege each and every response to the allegations in paragraph 1 through 20 above as if fully set forth herein in response to Paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the complaint.

23. Denies the allegations set forth in paragraph 23 of the complaint.

24. Denies the allegations set forth in paragraph 24 of the complaint.

25. Denies the allegations set forth in paragraph 25 of the complaint.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies the allegations set forth in paragraph 27 of the complaint.

28. Denies the allegations set forth in paragraph 28 of the complaint.

29. Denies the allegations set forth in paragraph 29 of the complaint.

30. Denies the allegations set forth in paragraph 30 of the complaint.

31. Denies the allegations set forth in paragraph 31 of the complaint.

32. Denies the allegations set forth in paragraph 32 of the complaint.

33. Denies the allegations set forth in paragraph 33 of the complaint.

34. Denies the allegations set forth in paragraph 34 of the complaint.

## **AS TO THE SECOND CLAIM FOR RELIEF**

35. Defendants repeat, reiterate and reallege each and every response to the allegations in paragraph 1 through 34 above as if fully set forth herein in response to Paragraph 35 of the Complaint.

36. Denies the allegations set forth in paragraph 36 of the complaint.

37. Denies the allegations set forth in paragraph 37 of the complaint.

38. Denies the allegations set forth in paragraph 38 of the complaint.

39. Denies the allegations set forth in paragraph 39 of the complaint.

40. Denies the allegations set forth in paragraph 40 of the complaint.

41. Denies the allegations set forth in paragraph 41 of the complaint.

## **AS TO THE THIRD CLAIM FOR RELIEF**

42. Defendants repeat, reiterate and reallege each and every response to the allegations in paragraph 1 through 41 above as if fully set forth herein in response to Paragraph 42 of

the Complaint.

43. Neither admit nor deny the allegations set forth in paragraph 43 of the complaint as they are not allegations of fact, but conclusions of law.

44. Denies the allegations set forth in paragraph 44 of the complaint.

45. Denies the allegations set forth in paragraph 45 of the complaint.

46. Denies the allegations set forth in paragraph 46 of the complaint.

### AS TO THE FOURTH CLAIM FOR RELIEF

47. Defendants repeat, reiterate and reallege each and every response to the allegations in paragraph 1 through 46 above as if fully set forth herein in response to Paragraph 47 of the Complaint.

48. Denies the allegations set forth in paragraph 48 of the complaint.

49. Denise the allegations set forth in paragraph 49 of the complaint.

50. Denies the allegations set forth in paragraph 50 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. The plaintiff was an independent contractor of defendants and not an employee within the meaning of the FLSA and NYLL. As such, the provisions of the FLSA and NYLL do not apply to the plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. The FLSA is inapplicable to the defendants for enterprise coverage as their annual gross volume of sales made or business done is less than $500,000.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. The FLSA is inapplicable to the plaintiff for individual coverage because she did not

4

personally engage in interstate commerce while acting as an independent contractor of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. The claims for relief alleged in the complaint fail to properly state, specify or allege, in whole or in part, a claim upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. The claims for relief alleged in the complaint are barred, in whole or in part, by the doctrines of laches, acquiescence, estoppel and/or unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. The claims for relief alleged in the complaint are barred, in whole or in part, by the applicable statute(s) of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57. The claims for relief alleged in the complaint are barred, in whole or in part, by USC § 259, as defendants have acted in good faith and in reliance upon applicable regulations and interpretations with regard to some or all of the acts or omissions alleged in the complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

58. The claims for relief alleged in the complaint are barred, in whole or in part, by the plaintiff's failure to mitigate her damages.

## AS AN FOR A NINTH AFFIRMATIVE DEFENSE

59. The individual defendant, Edward Preas, is not liable to the plaintiff for the claims alleged in the complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

60. Supplemental or pendant jurisdiction should not be exercised over any of the claims alleged in the complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

61. Any damages sustained by the plaintiff were a result of the acts or omissions of this persons or entities over whom defendants did not exercise any control over.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

62. The plaintiff is entitled to a jury trial only as to those issues for which a jury trial is permitted by the applicable statutes, regulations and ordinances.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

63. The defendants are entitled to a credit/set-off for any compensation paid to the plaintiff to which she was not otherwise entitled to the extent such credits/set-off are permissible under the FLSA or NYLL.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

64. The complaint is barred, in whole or in part, because expert witness fees and costs are not recoverable in actions pursued under the FLSA.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

65. The plaintiff's claims under NYLL § 195 are barred by NYLL § 198 (1-b) as defendants made complete and timely payment of all wages due to the plaintiff who was not provided notice as required by NYLL § 195 (1) and/or the defendants reasonably believed in good faith that they were not required to provide the plaintiff with notice pursuant to NYLL § 195 (1).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

66. The plaintiff's claims under NYLL § 195 are barred by NYLL § 198 (1-d) as the defendants made complete and timely payment of all wages due to the plaintiff who was not provided statements as required by NYLL § 195 (3) and/or the defendants reasonably believed in good faith that they were not required to provide the employee with statements pursuant to NYLL § 195 (3).

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

67. The defendants acted upon a good faith belief that the plaintiff was an independent contractor and not an employee, and to the extent that any violations are found under the FLSA, the statute of limitations is limited to two years under 29 U.S.C § 255, and an award of liquidated damages is barred by 29 U.S.C. § 260.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

68. The defendants acted upon a good faith belief that the plaintiff was an independent contractor and not an employee, and to the extent that any violations are found under the NYLL, an award of liquidated damages is barred by NYLL § 198 (1-a).

WHEREFORE, it is respectfully requested that the complaint be dismissed in its entirety, with prejudice, and that the defendants be awarded such other relief as this Court deems just and proper.

Dated: November 28, 2018                    Respectfully Submitted,

                                            By:    ____/s/_____
                                                   Zachary M. Beriloff (ZB 1597)
                                                   Gruenberg Kelly Della
                                                   700 Koehler Ave
                                                   Ronkonkoma NY 11779
                                                   631-737-4110

INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK        SS.:

___**EDWARD PREAS**___ being duly sworn deposes and says:

I am the defendant herein; I have read the annexed

___**ANSWER**___

and know the contents thereof and the same are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

x _[signature]_

Sworn to before me this
28 day of November, 2018

_[signature]_
Notary Public

[Notary seal: ALYSSA MARIE IULIANO, NOTARY PUBLIC, STATE OF NEW YORK, Suffolk County, 01IU6329220, Commission Expires August 17, 20__]